IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT CLIFFORD,

Plaintiff,

vs.

KROGER CO.; FRED MEYER, INC.;
AMANDA ELAIANE CAIN; DOES 1–100;
BLACK AND WHITE COS. 1–10,

Defendants.

Civ. No. 6:26-cv-00665-AA

**OPINION & ORDER**

AIKEN, District Judge.

Self-represented Plaintiff Robert Clifford seeks leave to proceed *in forma pauperis* ("IFP") in this action.  For the reasons explained below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED.  Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants.  Plaintiff shall have thirty days from the date of this order to file an amended complaint.

LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a).  However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access.  To authorize a litigant to proceed IFP, a court must make

Page 1 – OPINION AND ORDER

two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim.  Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  That is, the court should

Page 2 – OPINION AND ORDER

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

DISCUSSION

First, to assess an IFP petition, a court must determine whether the plaintiff has made a sufficient showing of indigency. Here, self-represented Plaintiff has made a sufficient showing of indigency. His IFP petition is granted.

Second, a court must determine whether the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Plaintiff brings a suit under the diversity statute, 28 U.S.C. § 1332, which requires that each Defendant be a citizen of a State different from that of Plaintiff and that the amount in controversy exceed $75,000. Compl. at 3; *see* 28 U.S.C. § 1332. Plaintiff, a California resident, alleges that on April 3, 2024, he visited a Fred Meyer Store in Coos Bay, Oregon. *Id.* at 4. Plaintiff alleges that Defendant Cain, "in her official capacity" as the store's Loss Prevention Manager "intentionally and falsely reported to law enforcement that Plaintiff was a 'registered sex offender.'" *Id.* Plaintiff alleges the statement was false and that it "directly resulted in Plaintiff's arrest and the illegal towing" of his car, a 2023 RAV4 Prime. *Id.* Plaintiff "seeks

Page 3 – OPINION AND ORDER

compensatory, emotional distress, and punitive damages in an amount to be determined at trial[.]" *Id.*

Under Oregon law, a defamation claim has three elements: (1) the making of a defamatory statement; (2) publication of the defamatory material to a third party; and (3) resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm. *Lowell v. Wright*, 306 Or. App. 325, 331, 473 P.3d 1094 (2020). *Degon v. USAA Cas. Ins. Co.*, 511 F. Supp. 3d 1144, 1157 (D. Or. 2021). In Oregon, some defamatory statements are actionable *per se*—that is, without proof of pecuniary loss or special harm. *Neumann v. Liles*, 358 Or. 706, 712, 369 P.3d 1117, 1121 (2016)

In Oregon, slander, which is defamation by spoken words, may be actionable *per se* under certain circumstances. For instance, spoken words that injure a plaintiff in his or her profession or trade may constitute slander *per se. See, e.g., Wheeler v. Green,* 286 Or. 99, 124, 593 P.2d 777 (1979) (where defendant accuses plaintiff of misconduct or dishonesty in performance of plaintiff's profession or employment, matter is "actionable without proof of specific harm"); *see also Barnett v. Phelps,* 97 Or. 242, 244–45, 191 P. 502 (1920) (setting out the four categories of spoken words that are actionable *per se*: (1) defamatory "words that impute a charge" that will subject the party to indictment for a crime involving moral turpitude; (2) defamatory words that impute that a party is infected with a contagious disease; (3) defamatory words that impute to the party unfitness to perform the duties of an office or

employment; and (4) defamatory words which prejudice a party in profession or trade).

Further, an alleged defamatory statement made to a law enforcement officer carries a qualified privilege. *DeLong v. Yu Enters., Inc.*, 334 Or. 166, 170 (2002). Such statements are protected from a defamation action if they were made in good faith. *Id.* at 173. "To overcome a qualified privilege, a plaintiff must 'prove that a defendant acted with actual malice.'" *Grobstein v. Port of Portland*, No. 3:18-CV-01916-YY, 2021 WL 1300115, at *13 (D. Or. Feb. 16, 2021) (cleaned up) (quoting *Christianson v. State*, 239 Or. App. 451, 459 (2010)); *see also Johnson v. Brown*, 193 Or. App. 375, 380, *decision clarified on reconsideration*, 194 Or. App. 486 (2004) ("The defense of qualified privilege can be overcome if the alleged defamatory statements were made in bad faith or with malice."). The court, not the jury, "decide[s] where the line is to be drawn between a protected and an unprotected defamatory publication." *Id.*

In Oregon, the tort of conversion is "the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Becker v. Pacific Forest Indus., Inc.,* 229 Or. App. 112, 116 (2009) (quoting *Restatement (Second) of Torts* § 222A (1965); citing *Mustola v. Toddy,* 253 Or. 658, 664 (1969)).

Plaintiff's Complaint falls short in several ways: (1) Plaintiff has not alleged sufficient facts to support a claim of slander *per se*; (2) Plaintiff has not alleged sufficient facts to overcome the qualified privilege that shields an individual who has

Page 5 – OPINION AND ORDER

made an allegedly defamatory statement to law enforcement; (3) Plaintiff has not alleged sufficient facts to support that it was Defendants who intentionally exercised dominion or control over his vehicle; and (4) Plaintiff has not alleged sufficient facts to support damages in excess of $75,000, as required to bring a claim under the diversity statute.

For these reasons, Plaintiff's Complaint is dismissed with leave to amend.

## CONCLUSION

For the above reason, Plaintiff's IFP petition, ECF No. 2, is GRANTED, and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants.  Plaintiff shall have thirty days from the date of this Order to file an amended complaint.  Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this 29th day of May 2026.


s/ Ann Aiken
ANN AIKEN
United States District Judge


Page 6 – OPINION AND ORDER